# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER GREEN,** | : | **CIVIL NO. 1:CV-13-1477** |
| Petitioner, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **THOMAS DECKER, et al.,** | : | |
| Respondents | : | |

## MEMORANDUM

**I.    Background**

Petitioner Christopher Green ("Green"), a former detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who at the time was confined at the York County Prison, Pennsylvania, commenced the above action pro se by filing a petition for writ of habeas corpus under the provision of 28 U.S.C. § 2241. (Doc. No. 1, Pet.). Along with the petition, Green submitted a motion requesting leave to proceed in forma pauperis in this matter. (Doc. No. 2.) In the petition, he challenges his continued detention by ICE under Zadvydas v. Davis, 533 U.S. 678 (2001) pending his removal from the United States to Jamaica, and seeks his immediate release from custody under reasonable conditions of supervision. For the reasons that follow, the request to proceed in forma pauperis will be granted, and the pending habeas petition will be dismissed as moot.

**II.   Discussion**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395 (1975). In other words, throughout the course

of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974)(emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985)(citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982). In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 Fed. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115 Fed. App'x 530 (3d Cir. 2004). Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot. See Lindaastuty v. Attorney General, 186 Fed. App'x 294 (3d Cir. 2006).

In the instant case, Green filed the instant petition while still confined as an ICE detainee at the York County Prison. However, since that time, the Court has been informed by the immigration department at the York County Prison that Green was removed to Jamaica on May 30, 2013. As such, the only relief he requests, his release on supervision from ICE custody, is entirely moot, and the dismissal of his petition as moot is proper. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER GREEN, | : | CIVIL NO. 1:CV-13-1477 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| THOMAS DECKER, et al., | : | |
| Respondents | : | |

# ORDER

**AND NOW**, this 12th day of June, 2013, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is **granted**.

2. The petition for writ of habeas corpus is **dismissed as moot**.

3. The Clerk of Court is directed to **close this case**.

                                                  S/ Yvette Kane
                                                  YVETTE KANE, Chief Judge
                                                  Middle District of Pennsylvania